UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2010 APR 20 PM 12:50

GREGORY C. LANGHAM
CLERK

BY _____ 7L _____ DEP. CLK

Criminal Case No. 06-cr-00155-DME
Civil Action No. 10-cv-00447-DME

UNITED STATES OF AMERICA,

   Plaintiff-Respondent,

v.

Stephen Vincent Hunt,

   Movant,

---

Supplemental Information with regard
To Government's Response

---

In Agreement with Line three (3) of Section D. CLAIMS of the 28 U.S.C § 2255 application, Movant provides documentation in support of written assertion that Court-appointed counsel refused to raise the claims stated herein-or any claims believed to be outside the Record on Appeal.

Claim One of Unconstitutional failure of the prosecution to disclose evidence favorable to the Movant is fully supported as it is the duty of the Court and Government to provide the Movant with a trial within the procedures and time Limitations set forth to insure Due Process, and to disclose ALL evidence favorable to the Movant. Document No.225, a pro se filing referenced in this Action Rightly evidences that "ends of justice" findings were not given orally or in writing, as necessary to provide for the January 25, 2007 through May 29, 2007 continuance. See page 28 of 90 and Pages 57 and 58 for evidence of prejudice. The Motions referenced in this action provide this Honorable Court With case law precedent, statute and transcripts in support of the claims raised herein.

Claim Two, that the convictions were obtained by the action of a grand or petit jury which was uncnstitutionally selected or impanelled is appropriately addressed and considered in conjuncton with Article III § 1 of the U.S. Constitution, and 28 U.S.C. § 372 Canons and Commentaries one (1) and (2). The "good behavior" clause, and statuatory provisions defining its application are in place to insure that due process is guaranteed at the most fundamental level of Our justice system.

Claim three of denial of effective Assistance of counsel is Rightly raised and evidenced where the Court record, especially the <u>Notice of Objection and Request for Remedy</u> filed October 24, 2007, is replete with communications break-downs in the Defense, and scheduling and strategy conflicts between Court-appointed counsel and the Movant. From the onset of the August 10, 2007 rearraignment where consel was appointed, through each trial, the Court record contains written and verbal evidence, discussion, and letters reflecting the persistant conflict between the Movant, court-appointed counsel, and within cousel himself. Cousel states

ignorance of the law regarding double jeopardy claims, a disinclination to spend "CJA money", and a refusal to Zealously pursue a Speedy Trial or the dismissal of the indictment when speedy trial/ due process provisions were transgressed through statute violation and scheduling conflicts. See document 225 p.23 ln 19, p.27 ln 6, p.49 ln 4, and p.54 ln 24,25 and p.55. Counsel should have known that the defense is barred from double-jeopardy protection when it moves for, and recieves a mistrial, That given the government's reliance upon expert testimomy, the defense would be served in procuring experts to anylyze and interpret data also, and that

2

speedy trial violations are not remedied by making a record of them, but by making a motion to dismiss the indictment, see U.S v. Rogers No. 95-8074 (10 Cir Aug 16, 1996).

Movant provides for the Court's consideration, that the contradictions in expert witness for the Government Thurmond's testimony occured during cross- examination by Counsel for the defense Jacobson, wherein he asked " so the profile could belong to a woman"? Ms. Thurmond replied in the negative that if the profile belonged to a woman then there would have been an " X " allele present, of which there was none in the profile. This is conspicuous given that the evidence never left the custody of the Government, while the interpretation of the "DNA" it contained changed substancially. The witness should have been impeached or a motion for impeachment should have been made at the very least, given the supposedly precise nature of the "identification", and the weight this expert testimony was allowed to carry with regard to the strength of the Government's case. Before, during, and after the two trials in this matter, the Movant clearly expressed a lack of confidence in the level of his defense before the Court; and so, acknowledging that there has never been any identification of the Movant as being the robber, or having been engaged in the planning or facilitation of any of the acts comprising the elements of the offenses, a zealous defense in these areas would have changed the outcome of the trial. With regard to any additional evidence, even the handgun reported to be used in each offense, which was given substancial weight in the Government's case, is know to be owned and purchased by a woman for her boyfriend who was not legally

3

entitled to possess it. Further, all testing determined that the handgun to which the government refers never came into contact with the Movant.

In Conclusion, and in addressing the concerns of the Government in Its response, the Movant avers as follows:

It is evident that the issues presented by the Movant in this action are co-related and interwoven, as a complete review of the matter will reveal a process littered with disregard for due process, Justice, and the Movant. The record is rife with procedural violations and fundamental break-downs in the trial process itself. However, from this circumstance, the Movant acts to bring order out, that Justice may be established and good will be managed. ALL the events of this process cause the Movant to request this Honorable Court to grant the relief requested in this Action at this time.

In Love, Truth, Peace, Freedom, and Justice,

Peace Be Unto You,

*[signature: Stephen V. Hunt -El]*

# PAULA M. RAY, P.C.
## ATTORNEY AT LAW

1801 BROADWAY, SUITE 1100, DENVER, CO 80202-2829
TELEPHONE: 303.292.0110, FACSIMILE: 303.292.0522
E-Mail: paulamray@earthlink.net
Website: www.paulamray.com

May 22, 2008

Steven Vincent Hunt
Reg. No. 34155-013
USP Florence
P. O. Box 7000
Florence, CO 81226

**RE:**  United States of America v. Hunt
Tenth Circuit Case No. 07-1518

Dear Mr. Hunt:

As promised, this letter is an update of the progress I am making on the Opening Brief in your case. Unfortunately, I have exhausted my imagination in arriving at a plausible argument on your speedy trial issue.

18 U.S.C. § 3162(a)(2) requires that a Motion to Dismiss be filed *before* trial in order to preserve a speedy trial dismissal. It states in pertinent part:

> Failure of the defendant to move for dismissal *prior to trial* or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal under this section.

(emphasis added). *See generally, United States v. Rogers*, No. 95-8074 (10th Cir. Aug. 16, 1996)(unpublished)(attached). While the record is replete with your *pro se* letters, and statements in various hearings, advising the Court that you would like a speedy trial, there is no Motion to Dismiss filed with regard to speedy trial until *after trial*.

With that in mind, I also reviewed your case to determine whether I could argue that your rights under the Speedy Trial statute were, in fact, violated, under a theory that your *pro se* arguments could possibly be applicable. Unfortunately, every tack I have taken has met with failure. Under 18 U.S.C. § 3161(h)(1)(F), periods of delay resulting from the filing of pretrial motions stops the speedy trial clock.

The case for speedy trial must be made after the first trial that was declared a mistrial. My calculations indicate:

Page Two
Steven Vincent Hunt
May 22, 2008

*[Handwritten: 01 25 07 - Submitted / 05 17 07 - Hearing Request / 05 29 07 - Hearing]*

| Activity | Dates | Period Included in 70 days | Exludable Days |
|---|---|---|---|
| Last day of trial | 01/17/07 to 01/25/07 | 8 days to filing of Motion to Dismiss | |
| Filing of Motion to Dismiss, Supplement, and Response | 01/25/07 to 03/05/07 | | Time Period for Filing Supplement to Motion and Government to Respond |
| Time for Judge to Decide Motion | 03/05/07 to 04/06/07 | | Thirty day period for Judge to Decide where no Hearing Required |
| Trial | 04/07/07 to 06/04/07 | 58 days | |
| TOTAL DAYS INCLUDED | | 66 days | |

I thought I might argue that, even though the attorneys failed to supplement the Motion to Dismiss per the Judge's Order at the Status Conference on January 25, 2008, had they filed a supplement and had the Government responded per the Court's Order, the documents would have been submitted. Since the Judge didn't hold a hearing on the Motion to Dismiss, I concluded that he would have been given thirty (30) days to decide the Motion to Dismiss. Under this theory, I found that **66 days** would have been spent prior to your trial on June 4, 2007. This time was within the **70 day** requirement for speedy trial.

I know you have been doing your own research on the case. You may wish to review the case of *United States v. Apperson*, 441 F.3d 1162 (10th Cir. 2006). This case provides a good overview of the Speedy Trial Act.

At this time, I have concluded that my time will be better spent researching other issues on your behalf. Unless I find some case which gives me more of an argument on this issue, I *will not* be including it in the Opening Brief. If you have any questions about the speedy trial issues, please contact me at your convenience.

Sincerely,

Paula M. Ray

enc.

# PAULA M. RAY, P.C.
## ATTORNEY AT LAW

1801 BROADWAY, SUITE 1100, DENVER, CO 80202-2829
TELEPHONE: 303.292.0110, FACSIMILE: 303.292.0522
E-Mail: paulamray@earthlink.net
Website: www.paulamray.com

June 2, 2008

Steven Vincent Hunt
Reg. No. 34155-013
USP Florence
P. O. Box 7000
Florence, CO 81226

**RE:   United States of America v. Hunt**
      **Tenth Circuit Case No. 07-1518**

Dear Mr. Hunt:

I am in receipt of your May 28 and May 29, 2008, letters.

In response to the questions you pose in your May 28 letter, I believe it may be helpful for you to have an understanding of the appellate process. An appeal is taken to a higher court after a lower court has reached a final decision. The appellate court, here the Tenth Circuit Court of Appeals, will review only what the lower court did to determine whether there was any error so egregious it should return the case to the lower court for either a new trial or resentencing.

The appellate court only reviews the record on appeal. The record on appeal consists of the pleadings in the case, to include any Motions filed and the Presentence Report, as well as transcripts of the trial and all pretrial and sentencing hearings. In your case, the record on appeal is quite large in comparison to most cases due to the many Motions hearings and the trial.

The Tenth Circuit will not hear any arguments that require information that is found outside of the record on appeal. For this reason, I will not be interviewing any witnesses or hiring investigators to look into "similar style" robberies. I will also not research jurors' backgrounds. Effectively, if the information is not found in the record on appeal, it will not be utilized in your appeal.

The arguments you present appear to be in the nature of a complaint for ineffective assistance of counsel. Your complaint appears to be that your attorneys failed to properly investigate the underlying case or file motions that you believe would have proven your innocence. Such a claim needs to be brought, after the appeal is exhausted, in the form of a habeas corpus proceeding under 18 U.S.C. § 2255.

Page Two
Stephen Vincent Hunt
June 2, 2008

If you wish to pursue such an avenue, I would not be representing you. Usually, the § 2255 claims are filed *pro se*. You may wish to review the case of *United States v. Galloway*, 56 F.3d 1239 (10th Circ. 1995) on this point.

I am still in the process of reviewing the record on appeal and researching the many issues that have been suggested. I believe I will be arguing the challenge to the African American juror, at this point, unless I find additional evidence to negate such an argument.

[illegible] an additional thirty (30) days in which to finalize our brief.

I hope I have answered your questions. As I continue to review your case, I will provide you with updates as to my progress

Sincerely,

Paula M. Ray

enc.

JUDICIAL COUNCIL OF THE
TENTH CIRCUIT

| | |
|---|---|
| IN RE: EDWARD W. NOTTINGHAM | Judicial Misconduct Complaints<br>No. 2007-10-372-36<br>No. 2007-10-372-45<br>No. 10-08-90089<br>No. 10-08-90090 |

**ORDER**

In August 2007, following Denver media reports regarding activities by and allegations against Chief District Judge Edward W. Nottingham of the District of Colorado,[1] then Chief Circuit Judge Deanell Reece Tacha initiated misconduct complaint No. 2007-10-372-36 against Judge Nottingham. This complaint alleged that he spent more than $3,000 at a topless nightclub in one evening, that he could not remember how he had spent that much money because he had a lot to drink,

---

[1] The Judicial Council has determined that Judge Nottingham's name should be disclosed in this order. *See Rules for Judicial-Conduct and Judicial-Disability Proceedings* (Misconduct Rules) 24(a)(2). The Council has also determined that this order should be issued without waiting for the expiration of any appeal rights under Misconduct Rules 21(b)(1)(A) and 22(c), but without prejudice to those rights. *See* Misconduct Rule 2(b).

The first two complaints addressed in this order were filed when the Tenth Circuit's former *Rules Governing Complaints of Judicial Misconduct and Disability*, approved by the Judicial Council in June 2003, were still in effect. On March 11, 2008, the nationally mandated *Rules for Judicial-Conduct and Judicial-Disability Proceedings* cited above superseded the previous rules.

and that this conduct may have brought disrepute to the Judiciary and constituted misconduct. Based on other allegations in the news media, the complaint also alleged that Judge Nottingham may have violated court policy by viewing sexually explicit images on his court computer. After receiving a response from Judge Nottingham, Chief Judge Tacha referred the matter to a Special Committee pursuant to 28 U.S.C. § 353(a).

On September 19, 2007, a complainant filed a misconduct complaint against Judge Nottingham alleging that he had parked illegally in a handicapped parking space and, in an ensuing conversation with her, had misused his authority by identifying himself as a federal judge and threatening to call the U.S. Marshals. Chief Judge Tacha also referred this complaint, No. 2007-10-372-45, to the Special Committee.

During the Special Committee's investigation of these matters, which included numerous interviews, review of credit card, telephone, and computer usage records, and inspection of computer hard drives, the Special Committee determined that Judge Nottingham may have made false statements in his initial response to the allegations regarding computer use and in a transcribed interview. The Special Committee expanded the scope of Complaint No. 2007-10-372-36 to include these alleged false statements.

In March 2008, Chief Circuit Judge Robert H. Henry, who succeeded Judge Tacha as chief circuit judge on January 1, 2008, and the Special Committee

2

learned from news reports of allegations that Judge Nottingham had solicited prostitutes. Following investigation into these allegations, informal proceedings pursuant to Misconduct Rule 5, and two hearings, Chief Judge Henry initiated misconduct complaint No. 10-08-90089 against Judge Nottingham on October 1, 2008, alleging that he had been a client of prostitution businesses in violation of Colorado law, had misused his court-owned cell phone in making calls to prostitutes, and had made false statements during the investigation. This matter was also referred to a new Special Committee.[2] On October 8, 2008, the two Special Committees submitted a joint report to the Judicial Council pursuant to 28 U.S.C. § 353(c).

On October 10, 2008, another misconduct complaint was filed against Judge Nottingham. The complainant alleged that she had been a prostitute and that Judge Nottingham had been one of her clients. She further alleged that on February 29, 2008, Judge Nottingham asked her to lie to federal investigators about the nature of their relationship and not to disclose that she was a prostitute whom he paid in exchange for sex.

Under 28 U.S.C. § 354, the Judicial Council has a variety of actions

---

[2] Because of the change in misconduct rules and chief judges, Chief Judge Henry replaced former Chief Judge Tacha on the second Special Committee, though Judge Tacha remained a member of the first Special Committee. The other members of the two committees remained the same. *See* Misconduct Rule 12(a).

available to it on receipt of a special committee's report identifying judicial misconduct. These actions include dismissing the complaint on several bases; concluding the proceeding because of corrective action or intervening events; issuing public or private reprimands of the subject judge; ordering that no cases be assigned to the subject judge on a temporary basis; requesting the judge to voluntarily retire; and referring the matter to the Judicial Conference of the United States for determination of whether the matter warrants referral to the U.S. House of Representatives for impeachment. *See id.*; Misconduct Rule 20(b); *see also* 28 U.S.C. § 355. The Judicial Council cannot order the removal of an Article III judge. § 354(a)(3)(A).

Judge Nottingham resigned his commission from office as a United States district judge effective October 29, 2008. The Judicial Council finds that the resignation is in the interest of justice and the Judiciary.

The misconduct procedures apply only to federal judges. *See id.* § 351(d)(1); Misconduct Rule 4. Under the applicable federal law and misconduct rules, the Judicial Council has determined that these complaints should be concluded because intervening events, i.e., Judge Nottingham's resignation, have made further proceedings unnecessary. *See* Misconduct Rule 20(b)(1)(B).

The complaints are dismissed as moot. *See* 28 U.S.C. § 354(a)(1)(B). The Judicial Council will not exercise its discretion under Misconduct Rule 16(a).

So ordered this 30th day of October, 2008.

By: /s/ Honorable Robert H. Henry
Chief Circuit Judge
On Behalf of The Judicial Council
Of the Tenth Circuit

Stephen V. Hunt-51
#34155-013
USP FLORENCE
Florence, Colorado 81226

RECEIVED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
APR 20 2010
GREGORY C. LANGHAM
CLERK

Honorable Judge David M. E[bel]
The Clerk of the Court
901 19th Street
Denver, Colorado 80294