FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

April 7, 2014

Elisabeth A. Shumaker
Clerk of Court

In re:

STEPHEN VINCENT HUNT,

    Movant.

No. 14-1049
(D.C. Nos. 1:06-CR-00155-DME-1,
1:10-CV-00447-DME &
1:14-CV-00365-DME)
(D. Colo.)

**ORDER**

Before **KELLY**, **HOLMES**, and **BACHARACH**, Circuit Judges.

    Stephen Vincent Hunt was convicted in 2007 of six counts of bank robbery in violation of 18 U.S.C. § 2113(a) and (d), and six counts of firearms possession in violation of 18 U.S.C. § 924(c). We affirmed his convictions on appeal. In 2010, Hunt filed a pro se motion to vacate his convictions under 28 U.S.C. § 2255. The district court denied relief and we denied a certificate of appealability. In December 2013, Hunt filed in the district court a pro se pleading styled "Motion to Supplement the Audita Querela Filing." The court construed this filing as an unauthorized second or successive § 2255 motion and transferred it to this court. Hunt then filed a pro se motion seeking this court's authorization to file a second or successive § 2255 motion. We deny authorization.

    Hunt's motion cannot proceed in the district court without first being authorized by this court. *See* 28 U.S.C. § 2255(h); *id.* § 2244(b)(3). We may

authorize a claim only if the prisoner makes a prima facie showing that the claim relies on (1) "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense"; or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Id.* § 2255(h); *see also id.* § 2244(b)(3)(C).

Hunt asserts he has new evidence that his due process rights were violated. He claims that the jury convicted him on a Third Superseding Indictment that the district court had dismissed, rather than the Fourth Superseding Indictment, which added charges of aiding and abetting. Hunt points to the jury verdict form listing twelve separate counts, each of which references the "third superseding indictment," Mot. for Auth., Ex. 1, in contrast with the district court's judgment finding him guilty on counts one through twelve of the Fourth Superseding Indictment, *see id.*, Ex. 2. Hunt asserts that the jury verdict form is "newly discovered evidence" under § 2255(h)(1) because he became aware of it only after recently obtaining access to his legal files.

The jury verdict form is not newly discovered evidence. It has been on the district court's docket since June 2007, accompanied by a clerk's note that Hunt was found guilty on the Fourth Superseding Indictment, but that "the Verdict Form reflects the Third Superseding Indictment." Jury Verdict, *United States v. Hunt*,

No. 1:06-CR-00155-DME-1 (D. Colo. June 13, 2007), ECF No. 189.  Yet Hunt did not raise this claim in his counseled direct appeal, or in his first pro se § 2255 motion.

Citing *Cole v. Arkansas*, 333 U.S. 196 (1948), Hunt argues that he can nonetheless bring this claim in a new § 2255 motion because it challenges the district court's jurisdiction to enter judgment against him.  In *Cole*, the Court held that a defendant's due process rights were violated when he was charged, tried, and convicted in state court on one offense, but the state appeals court upheld his conviction on a different offense.  *See* 333 U.S. at 200-02.  Hunt asserts that he was tried and convicted under the Third Superseding Indictment, but he was sentenced and imprisoned under the Fourth Superseding Indictment, for which there was no jury verdict.  He claims that, consequently, the district court lacked jurisdiction to impose judgment under the Fourth Superseding Indictment.

To the extent Hunt argues that a jurisdictional challenge is not subject to the authorization requirements under § 2255(h), we disagree.  We have "barred a state prisoner convicted of murder and sentenced to death by the wrong sovereign from bringing a successive collateral attack to contest his conviction on this [jurisdictional] basis."  *Prost v. Anderson*, 636 F.3d 578, 592 (10th Cir. 2011).  "This is because . . . lack of jurisdiction is not one of the two authorized grounds upon which a successive [28 U.S.C.] § 2254 motion may be filed."  *Id.*; *see also* § 2244(b).  Hunt fails to demonstrate that, in contrast, a jurisdictional challenge can be brought

at any time under § 2255. Rather, we have observed that "Congress chose in § 2255 to afford federal prisoners the opportunity to attack their convictions or sentences even after the extensive procedures provided for in the plea process, at trial, and on direct appeal. But seeking to temper that interest with the need to provide a degree of finality to criminal convictions, Congress also placed specific restraints on this collateral review." *Prost*, 636 F.3d at 592. Those restraints are codified in § 2255(h), which does not include lack of jurisdiction as a ground for authorizing a successive § 2255 motion.

Moreover, Hunt's claim does not even raise any challenge to the district court's subject matter jurisdiction in his case, which derives solely from 18 U.S.C. § 3231. *See United States v. Tony*, 637 F.3d 1153, 1158 (10th Cir. 2011). Section 3231 provides that "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." "That's the beginning and the end of the 'jurisdictional' inquiry." *Tony*, 637 F.3d at 1158 (internal quotation mark omitted). More specifically, "a defect in an indictment does not deprive a court of subject matter jurisdiction: any allegations that an indictment is defective are non-jurisdictional and waivable." *United States v. Doe*, 698 F.3d 1284, 1290 (10th Cir. 2012), *cert. denied*, 133 S.Ct. 1836 (2013).

Accordingly, the motion for authorization is denied. This denial of authorization "shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." 28 U.S.C. § 2244(b)(3)(E).

                                                Entered for the Court

                                                ELISABETH A. SHUMAKER, Clerk